## *In re* WOOD, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1581.   Argued April 10, 1891. — Decided May 11, 1891.

When the statutes of a State do not exclude persons of African descent. from serving as grand or petit jurors, a person accused in a state court of crime, who desires to avail himself of the fact that they were so excluded in the selection of the grand jury which found the indictment against him, or of the petit jury which tried him, should make the objection in the state court during the trial, and, if overruled, should take the question for decision to the highest court to which a writ of error could be sued out from this court; and failing to do so, he cannot have the adverse decision of the state court reviewed by a Circuit Court of the United States upon a writ of *habeas corpus.*

The question raised in this case could have been raised and determined by the trial court in New York, on a motion to set aside the indictment.

It was not intended by Congress that Circuit Courts of the United States should, by writs of *habeas corpus*, obstruct the ordinary administration of the criminal laws of the State through its own tribunals.

THE case, as stated by the court, was as follows:

The appellant, Joseph Wood, being held in custody by Augustus A. Brush, agent and warden of Sing Sing Prison in the State of New York, presented to the Circuit Court of the United States for the Southern District of that State, on the 29th day of September, 1890, a petition for a writ of *habeas corpus*, setting forth the facts concerning his detention. His application having been denied, an appeal was taken under sections 751, 753, 763, 764 and 765 of the Revised Statutes and the act of Congress of March 3, 1885, 23 Stat. 437, c. 353, giving an appeal to this court from the final decision of a Circuit Court, upon *habeas corpus*, in the case of a person alleged to be restrained of his liberty in violation of the Constitution or any law or treaty of the United States.

The petitioner stated that he was a citizen of the United States, of the African race; that he was convicted in the Court of General Sessions of the Peace for the city and county of New York, of the crime of murder in the first degree, and, being sentenced to death under chapter 489 of the Laws of 1888 of that State, was committed to the custody of the appellee to await the execution of the sentence, which was fixed to occur in the week beginning December 1, 1890; that the indictment upon which he was arraigned was found by a grand jury of that court at its October term 1889, and his conviction by a petit jury was at its March term 1890; "that from the panels and lists of jurors whence said grand jury and petit jury were drawn and from said juries all persons of African race and descent and black in color were excluded," because of their race, and in said city, county and State have always been excluded for a like reason; that upon his arraignment on the 28th day of October, 1889, he was then without counsel or means of procuring counsel, and was required to and did plead to the indictment in ignorance of his rights in the premises; that upon the trial he was ignorant of the above facts "without his fault, and was, therefore, unable to challenge or otherwise object to the lists, panels and array of grand and petit jurors for the ground aforesaid;" that after conviction, learning the facts in relation to such exclusion of persons of his race from the list of grand and petit jurors,

he moved, with due diligence, upon allegation and tender of proof of the facts aforesaid, for a new trial; that according to law and the practice of the court his motion should have been entertained and decided upon its merits, and upon due proof, should have been granted, but the court refused altogether to entertain it or to pass upon his said contention upon proofs tendered, and a time was thereupon fixed for his execution; that by reason of such facts "he has been deprived of all the privileges and just rights of citizens of the United States, and of the equal protection of the laws, and is in like manner deprived of his liberty, and about to be deprived of his life, without due process of law;" and that his commitment and detention under said conviction and sentence are void and of no validity. The petitioner prayed also for a writ of *certiorari* to the Court of General Sessions of the Peace and its clerk, commanding it or him to certify to the court below true copies of the lists of grand jurors for the October term 1889 of that court, of the lists and panels of trial jurors or additional trial jurors for its March term 1890, and of the indictment and other papers in the prosecution under and by virtue of which he was held in custody.

The above motion by the prisoner was in writing, and was to the effect that the verdict of guilty be vacated and set aside, the judgment of conviction stayed, and a new trial granted upon the following grounds: "*First.* That the defendant is of the African race and black in color, and that all persons of this race and color were excluded in the drawing of the panel of the petit jurors, from which the trial jury herein was selected. *Second.* That by reason of such exclusion the defendant was denied the equal protection of the laws and did not have the full and equal benefit thereof in the proceedings for the security of his life and liberty as is enjoyed by white persons, and to which he is and was justly entitled. *Third.* That all persons of the African race and of color were excluded from the grand jury, by which the indictment against the defendant was found and upon which he was tried, and consequently said indictment was illegal and void, and the defendant ought not to have been put upon trial upon said

indictment, as said trial court was without jurisdiction. *Fourth.* That persons of the African race and color have always been excluded from the list and drawings of both the grand and petit jurors in and for the city and county of New York, though there were and for many years last past have been many such persons qualified by law in all respects to sit as grand and petit jurors in this court and residing in the city and county of New York. *Fifth.* That the honorable recorder who presided at the trial, as a member of the board who selected the grand jury by which defendant was indicted, had judicial knowledge and notice of the exclusion of persons of said African race and color, and should have advised the defendant of such fact when called upon to plead, as defendant was without counsel and unable to procure the same. *Sixth.* That the honorable recorder, sitting as trial judge, had judicial knowledge and should have taken judicial notice of the fact of the exclusion in manner aforesaid, of persons of the African race and color from the panel of petit jurors in attendance at the term of court and from which the jury in defendant's case was selected. *Seventh.* That the entire proceedings herein were contrary to the just rights and interests of the defendant and not in accordance with the guaranteed rights of the defendant. This motion is based upon the affidavit of the defendant, herewith filed, all proceedings in said cause, and the request to subpœna and examine witnesses concerning the material allegations in the affidavit of said Wood contained."

There was a further motion at the same time that subpœnas be issued directed to the commissioners of "jurors of the city of New York and to all other officers, clerks and persons who are known to the court to possess personal knowledge of the facts relating to these matters alleged in the affidavit of defendant at this time filed, and whose testimony may enable defendant to establish the facts in said affidavit set forth, and that said commissioners and others be examined and their evidence be taken in support of this motion and before the court passes upon the same."

This motion was supported by the affidavit of Wood, which,

after reciting his conviction and stating that when arraigned he had no counsel, and was without means to procure any, and that the plea of not guilty was entered without an examination of the indictment by counsel for him, proceeded: "Deponent further says that he is a citizen of the United States and was born in the State of Virginia, and that he is of the African race and descent and black in color. Deponent further says that there are at least several thousand citizens of the African race and descent and black in color who are and were for more than ten years last past residents of the city, county and State of New York, and who are qualified in all respects to sit as grand and petit jurors in the court where this deponent was heretofore tried, convicted and sentenced to death; that the officers authorized by the laws of the State of New York to select the names of and the persons to serve as grand jurors and petit jurors to serve for and in the Court of General Sessions of the Peace of the city and county of New York, selected no persons of the African race or color to serve as such jurors, but, on the contrary, excluded all persons of such race and color from those to serve as and be drawn for jurors; that said officers in and for said city and county of New York drew from the list of those so selected to serve as grand jurors, the grand jurors by whom the indictment against the defendant was found, and drew from the list of those selected to serve as petit jurors the petit jurors before whom the defendant was to be and was tried for his life under said indictment, and that from both the grand and petit jurors sitting in said court by whom the deponent was indicted and tried all persons qualified by law to serve as jurors who were persons of the African race and color were excluded because of their race and color, and that no one person of said African race and color was drawn or summoned, but that said grand and petit jurors were composed exclusively of white persons, and that, in fact, all persons, as deponent is informed and believes, of the African race, although qualified to serve as jurors, have always in said city, county and State been excluded from serving upon juries because of their race and color, and that by reason of such exclusion the said juries have been composed wholly of the

white race, and the defendant, in the finding of the said indict-
ment and the trial thereupon, was denied the equal protection
of the laws and did not have the full and equal benefit of all
laws and proceedings in the said State of New York for the
security of his person, as is enjoyed by white persons. Depo-
nent asks that said judgment and the verdict herein be set
aside and a further hearing be granted and such proceedings
had as may be consistent with defendant's just rights."

This was the case presented to the court below, and is the
case presented on this appeal from the order refusing to grant
the writ of *habeas corpus.*

*Mr. R. J. Haire* for the petitioner.

*Mr. Isaac H. Maynard* opposing.

*Mr. Charles F. Tabor,* Attorney General of the State of
New York, filed a brief in opposition.

MR. JUSTICE HARLAN, after stating the case, delivered the
opinion of the court.

The ground upon which the appellant based his application
for writs of *habeas corpus* and *certiorari* was that his trial and
conviction were in violation of his rights under the Constitu-
tion and laws of the United States, in that the grand jurors
who returned the indictment, and the petit jurors by whom
he was tried, were drawn from lists from which were excluded,
because of their race and color, all citizens of African race and
descent. Certainly, such exclusion was not required by the
laws of New York. By the act of July 1, 1882, known as
the New York Consolidation Act, grand jurors in courts of
Oyer and Terminer and of General Sessions, held in the city
and county of New York, are required to be selected from the
persons whose names are contained in the list of petit jurors
for the time being for that city, and by a Board consisting of
the Mayor, the Presiding Judge of the Supreme Court in the
First Judicial District, the Chief Justice of the Superior Court
of the city, the first Judge of the Court of Common Pleas, the

Recorder, and the City Judge of the city and county. It is the duty of that Board to select from the lists produced by the Commissioner of Jurors of persons qualified to serve as jurors in the city, the names of not less than six hundred nor more than one thousand persons to serve as grand jurors of the different courts of Oyer and Terminer and General Sessions; and the persons so selected are required to be "intelligent citizens of good character," and, "so far as the said Board may be informed, possessed of the qualifications required of persons to serve as jurors for the trial of issues of fact, and not exempted from serving as such jurors." Laws of N. Y. 1882, §§ 1638, 1641. A person, to be qualified to serve as a trial juror for a court in the city and county of New York, must be: "1. A male citizen of the United States, and a resident of that city and county. 2. Not less than twenty-one, nor more than seventy years of age. 3. The owner, in his own right, of real or personal property, of the value of two hundred and fifty dollars; or the husband of a woman who is the owner, in her own right, of real or personal property of that value. 4. In the possession of his natural faculties, and not infirm or decrepit. 5. Free from all legal exceptions; intelligent; of sound mind and good character; and able to read and write the English language understandingly." § 1652; Code of Civil Procedure, § 1079. It is admitted, and, if it were not admitted, it is too clear to require discussion to prove, that these statutory regulations do not authorize, indeed, do not permit, the exclusion of any citizen from the lists of grand and petit jurors, because of his race and color. They apply equally to citizens of the United States resident in the city and county of New York, to whatever race they belong. So far as participation in the administration of justice by service upon grand and petit juries is concerned, they ignore all distinctions between citizens of the United States arising merely from race and color.

But it is contended that the present case is brought within former decisions of this court by reason of the alleged exclusion, in fact, from the lists of grand and petit jurors, of citizens of the African race, because of their race and color. The

decision upon which the appellant particularly relies in support of his application for the writ of *habeas corpus* is *Neal* v. *Delaware*, 103 U. S. 370, 394, which, it must be observed, came here from the highest court of the State upon writ of error. In that case this court — after remarking that a denial, by officers of the State charged with the duty of selecting jurors, of the right of the accused to a selection of grand and petit jurors without discrimination against his race, because of their race, would be a violation of the Constitution and laws of the United States, which the trial court was bound to redress — observed : " As said by us in *Virginia* v. *Rives*, 100 U. S. 313, the ' court will correct the wrong, will quash the indictment, or the panel; or, if not, the error will be corrected in a superior court,' and ultimately in this court upon review. We repeat what was said in that case, that while a colored citizen, party to a trial involving his life, liberty or property, cannot claim, as matter of right, that his race shall have a representation on the jury, and while a mixed jury, in a particular case, is not, within the meaning of the Constitution, always or absolutely necessary to the equal protection of the laws, it *is* a right to which he is entitled, ' that in the selection of jurors to pass upon his life, liberty or property, there shall be no exclusion of his race, and no discrimination against them, because of their color.' "

We do not perceive that anything said in *Neal* v. *Delaware* would have authorized the Circuit Court to discharge the appellant from custody, even if, upon investigation, it had found that citizens of the race to which he belongs had been, in fact and because of their race, excluded from the lists of grand and petit jurors from which were selected the grand jurors who indicted and the petit jurors who tried him. That was a matter arising in the course of the proceedings against the appellant, and during his trial, and not from the statutes of New York, and should have been brought at the appropriate time, and in some proper mode, to the attention of the trial court. Whether the grand jurors who found the indictment, and the petit jurors who tried the appellant, were or were not selected in conformity with the laws of New York —

which laws, we have seen, are not obnoxious to the objection that they discriminate against citizens of the African race, because of their race — was a question which the trial court was entirely competent to decide, and its determination could not be reviewed by the Circuit Court of the United States, upon a writ of *habeas corpus*, without making that writ serve the purposes of a writ of error. No such authority is given to the Circuit Courts of the United States by the statutes defining and regulating their jurisdiction. It often occurs in the progress of a criminal trial in a state court, proceeding under a statute not repugnant to the Constitution of the United States, that questions occur which involve the construction of that instrument and the determination of rights asserted under it. But that does not justify an interference with its proceedings by a Circuit Court of the United States, upon a writ of *habeas corpus* sued out by the accused either during or after the trial in the state court. For "upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them;" and "if they fail therein, and withhold or deny rights, privileges or immunities secured by the Constitution and laws of the United States, the party aggrieved may bring the case from the highest court of the State in which the question could be decided to this court for final and conclusive determination." *Robb* v. *Connolly,* 111 U. S. 624, 637.

Of this right to have the action of the trial court reviewed in the highest court of the State, the appellant availed himself. His present application, it is true, does not show that his case was carried to the Court of Appeals of New York, and that the judgment of conviction was there affirmed, October 7, 1890. But we may, as doubtless the Circuit Court did, take judicial notice of those facts. That court said: "The record in this case discloses no exception that is not wholly frivolous. The counsel for the defendant frankly confessed that he had been unable to find an exception which he thought

fit, for argument, but he submitted the case in the hope that, in our examination of it, we might find some ground on which to base a reversal of the judgment. The case has been carefully examined, because it involved human life, but we have been unable to find the slightest reason for disagreeing with the result arrived at in the trial court." *People* v. *Wood*, 123 N. Y. 632.

The highest court of the State having thus disposed of the case, and the appellant having failed to obtain from the trial court an order setting aside the conviction and granting a new trial, the present effort was made to secure his release by a writ of *habeas corpus* issued by the Circuit Court of the United States. The statute under which the appellant was prosecuted is not repugnant to the Constitution of the United States, and the court that tried him, we repeat, was competent to guard and enforce every right secured to him by that instrument, and which might be involved in his trial. The petition for the writ sets forth no ground affecting its jurisdiction either of the offence charged or of the person alleged to have committed it. If the question of the exclusion of citizens of the African race from the lists of grand and petit jurors had been made during the trial in the Court of General Sessions, and erroneously decided against the appellant, such error in decision would not have made the judgment of conviction void, or his detention under it illegal. *Savin, Petitioner*, 131 U. S. 267, 279; *Stevens* v. *Fuller*, 136 U. S. 468, 478. Nor would that error, of itself, have authorized the Circuit Court of the United States, upon writ of *habeas corpus*, to review the decision or disturb the custody of the accused by the state authorities. The remedy, in such case, for the accused, was to sue out a writ of error from this court to the highest court of the State having cognizance of the matter, whose judgment, if adverse to him in respect to any right, privilege or immunity, specially claimed under the Constitution or laws of the United States, could have been reëxamined, and reversed, affirmed or modified, by this court as the law required. Rev. Stat. § 709.

Anticipating this view, the appellant insists that he was

not permitted by the laws of New York regulating the trial of criminal cases to avail himself of the objection that all persons of his race were excluded in the city and county of New York, from the lists of grand and petit jurors. Consequently, he contends, that during the period in which jurors were drawn from the lists in question the Court of General Sessions of that city and county "had no jurisdiction to indict and try a person of the African race." We cannot assent to this proposition, or to any interpretation of the Code of Criminal Procedure of New York, that withholds from the trial court authority to protect a person, upon trial for his life, in a right secured to him by the Constitution of the United States. While that Code may not permit "a defendant to challenge the body of the grand jury because irregularly or defectively constituted," *People* v. *Hooghkerk*, 96 N. Y. 149, 159, it is not clear that such challenge, if seasonably made, may not be allowed when "the defect in the constitution of the tribunal deprived it of the character of a grand jury in a constitutional sense," or was such as involved the violation of the constitutional rights of the accused. *People* v. *Petrea*, 92 N. Y. 128, 144, 145. Without expressing any opinion upon this point, we are satisfied that the question now made as to the exclusion of citizens of the African race from the lists of grand and petit jurors, because of their race, could have been raised and determined by the trial court, upon its merits, under a motion to set aside the indictment. Section 312 of the Code of Criminal Procedure provides that "in answer to the indictment, the defendant may either move the court to set the same aside, or may demur or plead thereto." The grounds upon which such a motion may be based are not enumerated, and a trial court is, therefore, at liberty to entertain it upon any grounds not forbidden by other sections of the Code, and which may be available under the established rules of criminal procedure. *People* v. *Clements*, 5 N. Y. Crim. Rep. 288, 294; *People* v. *Price*, 6 N. Y. Crim. Rep. 141. It is true that section 313 of the Code specifies certain cases (not embracing cases like the present one) in which an indictment, on motion of the defendant, "*must* be set aside."

But that section does not restrict the power of the court to set aside indictments, on motion, to those particular cases, nor include that large class of cases, in which a court, in its discretion, in order to subserve the ends of public justice or to protect the accused from wrong, may quash an indictment and direct a resubmission of his case to another grand jury. *United States* v. *Gale*, 109 U. S. 65.

Whether the appellant might not have availed himself, in other modes, and during the trial, of the objection now under consideration, we need not inquire; for, independently of the view we have expressed, and even if there were some room for a different construction of the New York Code, the Circuit Court might well have forborne to act until this question had been definitely determined either in the highest court of New York, or in this court upon a writ of error sued out by the appellant. While the courts of the United States have power, upon *habeas corpus*, to inquire into the cause of the detention of any one claiming to be restrained of his liberty in violation of the Constitution, or laws, or treaties of the United States, it was not intended by Congress that they should by writs of *habeas corpus* obstruct the ordinary administration of the criminal laws of the States, through their own tribunals. "Where," this court said in *Ex parte Royall*, 117 U. S. 241, 252, 253, "a person is in custody, under process from a state court of original jurisdiction, for an alleged offence against the laws of such State, and it is claimed that he is restrained of his liberty in violation of the Constitution of the United States, the Circuit Court has a discretion, whether it will discharge him, upon *habeas corpus*, in advance of his trial in the court in which he is indicted; that discretion, however, to be subordinated to any special circumstances requiring immediate action. When the state court shall have finally acted upon the case, the Circuit Court has still a discretion whether, under all the circumstances then existing, the accused, if convicted, shall be put to his writ of error from the highest court of the State, or whether it will proceed, by writ of *habeas corpus*, summarily to determine whether the petitioner is restrained of his liberty in violation of the Consti-

tution of the United States." And we will add, that after the final disposition of the case by the highest court of the State, the Circuit Court, in its discretion, may put the party, who has been denied a right, privilege or immunity claimed under the Constitution or laws of the United States, to his writ of error from this court, rather than interfere by writ of *habeas corpus*. These principles have special application where, as in the present case, there is no pretence that the statute under which the prosecution of the appellant was conducted is repugnant to the Constitution or laws of the United States.

It is scarcely necessary to observe that the question of the power or duty of the Circuit Court to issue a writ of *habeas corpus* is not at all affected by the fact, alleged in the petition that the appellant was ignorant, until after his conviction, of the exclusion of citizens of his race, because of their race, from the lists of grand and petit jurors. That fact, if material, was for the consideration of the trial court.

In respect to the general objection that the Court of General Sessions should have considered and sustained the motion to set aside the verdict, stay the judgment and grant a new trial, upon the grounds stated in that motion and in the accompanying affidavit, it need only be further said that the action of that court in the matter did not affect its jurisdiction, and, therefore, cannot be reviewed or disregarded upon *habeas corpus*.

We are of opinion that the court below did not err in denying the application for writs of *habeas corpus* and *certiorari*, and the judgment must be

*Affirmed*.[1]

Mr. Justice Gray was not present at the argument of this case, and took no part in its decision.

---

[1] Mr. Justice Field filed a concurring opinion of which the Reporter had no notice. To his great regret it reached him after this and subsequent pages were set up and cast. It will be found on p. 370, *post*.