## PEPKE *v.* CRONAN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NORTH DAKOTA.

No. 641.   Argued October 22, 1894. — Decided October 29, 1894.

P., being adjudged guilty of contempt by a state court, and sentenced to
fine and imprisonment therefor, applied to the District Court of the
United States for a writ of *habeas corpus* upon the ground that the
statute of the State under which the proceedings took place of which his
conviction and punishment for contempt formed a part were in contra-
vention of the Constitutions of the United States and of the State.   The
District Judge discharged the writ and remanded the petition.   It was
conceded that the validity of the proceedings in the state court could
have been tested by the Supreme Court of the State on *certiorari* or
*habeas corpus*, and no reason appeared why a writ of error could not have
been applied for from this court to the state court.   *Held,* that, without
considering the merits of the question discussed, the judgment of the
court below should be affirmed.

CERTAIN citizens of Minnesota were the owners of a lot and
building in Walsh County, North Dakota, which they had
leased and which were occupied under their lessee.   Against
the occupant and one of the owners a proceeding was insti-
tuted in the District Court of Walsh County, in the name of
the State upon the relation of its attorney general, under an
act of North Dakota in that behalf, entitled "An act to pre-
scribe penalties for the unlawful manufacture, sale, and keep-
ing for sale intoxicating liquors, and to regulate the sale,
barter, and giving away of such liquors for medical, scientific,
and mechanical purposes," (Laws N. Dakota, 1890, 309, c.
110,) praying for an injunction against the occupant for un-
lawfully disposing of intoxicating liquors upon the premises,
and against the owner for permitting the use thereof for the
unlawful keeping or selling of such liquors, which injunction
was granted, and under the restraining order and a search
warrant also issued the sheriff took possession of the building
and contents.   While the sheriff had possession, Emil J. Pepke
entered the building under the license and permission of the
owners, whereupon, upon report of the sheriff, a rule upon him

to show cause why he should not be punished for contempt was entered by the District Court, the rule was made absolute, and Pepke was sentenced to imprisonment in the county jail for ninety days and to pay a fine of $200, and was committed accordingly. Thereupon Pepke presented his petition for *habeas corpus* to the District Judge of the United States for the District of North Dakota, setting forth grounds upon which he charged that section 13 of chapter 110 of the Laws of North Dakota of 1890, under which section the proceedings against him had been had, and the entire act were in contravention of the Constitution of the United States and of the State, and the judgment against him therefore void. The writ of *habeas corpus* was issued, and upon hearing was discharged and the petitioner remanded, whereupon the cause was brought to this court by appeal.

*Mr. Marshall A. Spooner,* (with whom was *Mr. Armstrong Taylor* on the brief,) for appellant.

*Mr. Willam A. Standish,* Attorney General of the State of North Dakota, for appellee.

THE CHIEF JUSTICE: It was insisted upon the argument that the judgment in contempt was not appealable; *State* v. *Davis,* 2 North Dakota, 461; but it was conceded that the validity of the law and of the sentence could be tested by the Supreme Court of the State on *certiorari* or *habeas corpus,* and no reason was suggested why, if the judgment of the District Court was the final judgment of the highest court of the State in which a decision in the matter could be had, a writ of error from this court might not be applied for.

Without considering the merits of the questions discussed, the judgment must be affirmed upon the authority of *Ex parte Fonda,* 117 U. S. 516; *In re Wood,* 140 U. S. 278; *Cook* v. *Hart,* 146 U. S. 183; *New York* v. *Eno, ante,* 89, and cases cited.

*Judgment affirmed.*