In re WYMAN.

(District Court, N. D. California.   September 27, 1904.)

No. 13,348.

1. HABEAS CORPUS—FEDERAL COURTS—DISCHARGE OF STATE PRISONER.

It is only in exceptional cases that a federal court will discharge a prisoner in the custody of state officers, charged with the violation of a state statute, on a writ of habeas corpus, and thus prevent his trial in the courts of the state, even though it is alleged that such statute is in conflict with the Constitution of the United States.

On application of Charles Wyman for Writ of Habeas Corpus.

Robert H. Countryman, for petitioner.

DE HAVEN, District Judge.   Application for a writ of habeas corpus.   The petitioner alleges that he is imprisoned by George W. Wittman chief of police of the city and county of San Francisco, under and by virtue of a warrant of commitment issued by one of the police judges of said city and county, for trial upon a complaint charging him with a violation of the primary election law of the state of California. The object sought by the petition is to secure the discharge of the petitioner without trial in the courts of the state.   It is alleged in the petition that the statute which the petitioner is charged with violating is repugnant to the Constitution of the state, and it is further alleged in general terms that such statute is in conflict with the Constitution of the United States.   It was said by the Supreme Court in Andrews v. Swartz, 156 U. S. 272, 15 Sup. Ct. 389, 39 L. Ed. 422:

"The repugnancy of a statute to the Constitution of the state by whose Legislature it was enacted cannot authorize a writ of habeas corpus from a court of the United States unless the petitioner is in custody by virtue of such statute, and unless also the statute is in conflict with the Constitution of the United States."

Without passing upon the validity of the statute in question, and assuming, for the purposes of this decision only, that the court would have jurisdiction to issue the writ upon the facts alleged, it will be sufficient to say that the application for the writ must be denied upon the authority of Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748; New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30, 39 L. Ed. 80; Pepke v. Cronan, 155 U. S. 100, 15 Sup. Ct. 34, 39 L. Ed. 84. In the first of these cases it was held that the federal courts ought not, except in cases of peculiar urgency, to discharge a prisoner charged with violating the laws of a state, in advance of his trial in the courts of the state; and it was further said in the opinion:

"After a final determination of the case by the state court the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court.   The reason for this course is apparent.   It is an exceedingly delicate jurisdiction given to the federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision

¶ 1. Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.

See Habeas Corpus, vol. 25, Cent. Dig. §§ 40, 43.

of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented."

There are no exceptional facts presented here to justify the interference of this court; on the contrary, it appears from the petition itself that the offense with which the petitioner is charged is one properly triable in the state courts, and those courts have full jurisdiction to pass upon the validity of the statute for the alleged violation of which the petitioner is being prosecuted.

Application for writ denied.