## EX PARTE FONDA.

ORIGINAL.

Submitted March 22, 1886.—Decided April 5, 1886.

A petition for a writ of habeas corpus alleged that the petitioner had been convicted in a Circuit Court of the State of Michigan of embezzling the funds of a National Bank, and set forth various reasons why the conviction should be held to be in contravention of the Constitution and laws of the United States; but it showed no reason why the Supreme Court of the State might not review the judgment, or why it should not be permitted to do so without interference by the courts of the United States: *Held,* That leave to file the petition should be denied.

This was a motion for leave to file a petition for a writ of habeas corpus. The averments in the petition were as follows:

"*First.* That on the 10th day of November, 1885, your petitioner was sentenced to imprisonment in the State prison at Jackson, Michigan, by the Circuit Court of St. Joseph County, in that State, for the term and period of three years and six months from and including the day aforesaid, as will appear from a copy of said sentence hereto attached.

"*Second.* That the conviction of your petitioner, upon which said sentence was based, was procured in said court on the 31st day of October, 1885, as will appear from a copy of the verdict of the jury then and there rendered, and hereto attached.

"*Third.* That your petitioner was tried on the day last aforesaid, for the commission of the several offences charged against him in and by a certain information, a copy of which is hereto attached.

"*Fourth.* Your petitioner further shows that said conviction and sentence were had and imposed upon the 3d and 4th counts of said information, exclusively, as will appear by reference to the verdict hereto attached.

"*Fifth.* That in pursuance of the execution of said sentence, your petitioner is now confined in said State prison, and is restrained of his liberty illegally, forcibly and against his will by one Hiram F. Hatch, the warden and keeper thereof.

"*Sixth.* That your petitioner was employed by the Farmers' National Bank of Constantine in the capacity of clerk, and by virtue of said employment acted as the general manager of the affairs of said bank, and had full control and the custody of its funds during the whole period covered by the dates upon which the alleged embezzlements are charged to have been committed in the information hereto attached.

"*Seventh.* Your petitioner is advised, and therefore alleges that said imprisonment, confinement and detention are unwarranted and illegal in this:

"I. Because your petitioner is convicted, sentenced and imprisoned contrary to the provisions of the Constitution of the United States and the laws of Congress.

"II. Because the acts described and charged in the third and

fourth counts of the information (being embezzlement of the funds and property of a National Bank by a clerk therein) are cognizable by the federal courts, and the jurisdiction to try your petitioner and to punish said crime is vested exclusively in said courts; the action of said State court is in violation of Article I., Section 8, Parts 5 and 17 of the Constitution of the United States; also of Section 711, Part 1, of the Revised Statutes of the United States, and Section 5209 of said statutes, which provides a punishment for the crime of which your petitioner stands convicted.

" III. Because he was held to answer for, and was convicted of an infamous crime as charged in the third and fourth counts of said information without presentment or indictment by a grand jury."

*Mr. William E. Earle, Mr. Edwin F. Conely*, and *Mr. Frank P. Guise* for the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied on the authority of *Ex parte Royall,* ante 241. No reason is suggested why the Supreme Court of the State may not review the judgment of the Circuit Court of the county upon the question which is raised as to the application of the statute, under which the conviction has been had, to embezzlements by the servants and clerks of national banks, nor why it should not be permitted to do so without interference by the courts of the United States. The question appears to be one which, if properly presented by the record, may be reviewed in this court after a decision by the Supreme Court adverse to the petitioner. The case as made by the motion papers is not one which, under the principles settled in *Royall's Case*, requires this court to act in advance of the orderly course of proceeding for a review of the judgment by writ of error.

*Motion denied.*