## In re WELCH.

### (Circuit Court, S. D. New York. September 29, 1893.)

1. HABEAS CORPUS—HOMICIDE—JURISDICTION OF STATE COURT.

The question whether a state court has jurisdiction over a pilot indicted for manslaughter, in causing the death of a person on another boat by causing the boat in his charge to collide therewith, cannot be raised by an application for a writ of habeas corpus, when the prisoner may raise it by appeal or otherwise in the state courts, and may carry it thence, should the decision be adverse, to the United States supreme court by writ of error.

2. SAME—DIFFERENT OFFENSES.

A pilot was indicted under a state statute for the crime of manslaughter, in that he willfully and feloniously propelled and forced a tugboat in his charge against a yacht in which the deceased was, and did thereby willfully and feloniously cast and force the deceased into the river, whereby he was drowned. By Rev. St. U. S. § 5344, every pilot, "by whose misconduct, negligence, or inattention to his duties" the life of any person is destroyed, is guilty of manslaughter. *Held* that, as the offense charged in the indictment consisted in a willful and felonious assault, it was different from that provided for by the Revised Statutes, and that the question whether the indictment was properly framed under the state law, and whether the acts charged therein constituted the crime of manslaughter under the state statute, could not be raised on habeas corpus.

On Application by Thomas A. Welch for a Writ of Habeas Corpus. Denied.

Lorenzo Semple, for petitioner.
Henry B. B. Stapler, Asst. Dist. Atty., for respondent.

LACOMBE, Circuit Judge. The relator, pursuant to section 4442 of the Revised Statutes of the United States, was duly and legally licensed to act as a second-class pilot on steam vessels by the United States local board of inspectors of steam vessels for the district of New York. While said license was in full force and effect, and while said relator was engaged in the actual performance of his duties under said license, a collision occurred, June 15, 1891, on the Hudson river, between the towboat F. W. Devoe, which was under relator's control and management as pilot, and the sloop yacht Amelia, which collision resulted in the death by drowning of one Francis Jenkins, at that time on board the yacht Amelia. Thereafter, on July 7, 1891, a grand jury of the city and county of New York found an indictment against relator for the crime of manslaughter in the second degree, for the killing of said Jenkins, charging that, at the place and time above stated, "said Thomas Welch, then being in a certain steam vessel known as a tugboat, called the F. W. Devoe, upon the said river, did then and there willfully and feloniously propel and force the said tugboat against the said yacht, wherein said Francis Jenkins was, as aforesaid, and did thereby then and there willfully and feloniously cast and force said Francis Jenkins out of said yacht into the said river;" whereby said Jenkins was drowned.

The crime of manslaughter in the second degree, as defined in the Penal Code of the state of New York, (section 193,) is homicide,

when committed without a design to effect death, either (1) by a person committing, or attempting to commit, a trespass, not amounting to a crime; or "(2) in the heat of passion, but not by a dangerous weapon or by the use of means either cruel or unusual; or (3) by any act, procurement or culpable negligence of any person, which, according to the provisions of this chapter, does not constitute the crime of murder in the first or second degree, nor of manslaughter in the first degree." These last two subdivisions, with which only is this case concerned, are not new. They will be found substantially in the Revised Statutes passed in 1827-28. See part 4, c. 1, tit. 2, art. 1, §§ 18, 19, 2 Rev. St. (1st Ed.) p. 662.

"Sec. 18. The involuntary killing of another by any weapon, or by means neither cruel or unusual, in the heat of passion, in any cases other than such as are herein declared to be excusable homicide, shall be deemed manslaughter in the fourth degree.

"Sec. 19. Every other killing of a human being, by the act, procurement or culpable negligence of another, where such killing is not justifiable or excusable, or is not declared in this [act] to be murder or manslaughter of some other degree, shall be deemed manslaughter in the fourth degree."

These two somewhat similar offenses—killing in hot blood, without intent and without dangerous weapon, and killing by culpable negligence—were criminal under the common law, (Whart. Crim. Law, §§ 351-355;) and, so far as appears, were deemed manslaughter, and have been always punishable as such when committed within the jurisdiction of the state. The relator was tried before a petit jury upon the indictment, and convicted of manslaughter in the second degree. Under this conviction he is now held.

By section 5344, Rev. St. U. S., it is provided:

"Sec. 5344. Every captain, engineer, pilot, or other person employed on any steamboat by whose misconduct negligence or inattention to his duties on such vessel, the life of any person is destroyed * * * shall be deemed guilty of manslaughter, and upon the conviction thereof before any circuit court of the United States shall be sentenced to confinement at hard labor for a period of not more than ten years."

This section first appeared as section 12 of the act of July 7, 1838, and is included in title 70 of the Revised Statutes; a title which is prefaced with the provision:

"Sec. 5328. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof."

The relator contends that the state court had no jurisdiction to try him for the offense charged in the indictment, because such offense is, by the law of congress, exclusively cognizable in the circuit court of the United States, and that the indictment, and all proceedings thereunder, are null and void. He relies upon, and asks this court to discharge him from a custody which he contends is in violation of, a law of the United States, to wit, Rev. St. U. S. § 711:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states—First. Of all crimes and offenses cognizable under the authority of the United States," etc.

It is a sufficient answer to this application to refer to the decisions of the United States supreme court, discountenancing the

practice of employing the writ of habeas corpus to present questions of this character in advance of any decision thereon by the state courts, when no reason is shown why the prisoner may not as fully and fairly present the question by appeal or otherwise to the state courts, and carry it thence, should the decision be adverse, to the United States supreme court by writ of error. Ex parte Fonda, 117 U. S. 516, 6 Sup. Ct. Rep. 848; In re Wood, 140 U. S. 286, 11 Sup. Ct. Rep. 738; Cook v. Hart, 146 U. S. 183, 13 Sup. Ct. Rep. 40.

There is, however, another, and it seems a quite sufficient, reason for holding the relator's contention to be unsound. The crime of which he was convicted, and the crime defined in section 5344, though both called manslaughter, are manifestly different offenses. The latter consists in "misconduct, negligence, or inattention to his duties" as pilot on a steamboat; the former in a "willful and felonious" assault on the deceased, which assault was accomplished by "willfully and feloniously" forcing the tugboat against the yacht, and thus knocking the deceased overboard. Evidence which might be sufficient to establish the one offense might be wholly insufficient to establish the other.

Whether the indictment was properly framed under state procedure, and whether the acts charged in the indictment do or do not constitute the crime of manslaughter, under section 193 of the Penal Code of the state, are matters which this court will not examine into upon habeas corpus. They must be reviewed by appeal in the state courts, and writ of error to United States supreme court, if any federal question is involved.

The writ is dismissed, and prisoner remanded.