## In re ALEXANDER.

(Circuit Court, W. D. North Carolina. January 19, 1898.)

FEDERAL AND STATE COURTS—HABEAS CORPUS.

One in custody for an offense against state laws will not, except in a peculiar and urgent case, be released on habeas corpus by a federal court, in advance of a final decision of his case by the state courts; and especially not where the prisoner has himself instigated the prosecution against him for the purpose of testing the validity of a state law.

This was a petition by A. W. Alexander for a writ of habeas corpus.

Armfired & Williams, for relator.

SIMONTON, Circuit Judge. This matter comes up on a petition for a writ of habeas corpus, and the return to the rule entered therein, to show cause why the writ should not issue. The petitioner is a resident of the town of Monroe, Union county, N. C., and alleges that he is the agent of N. D. White, a wholesale liquor merchant in the city of Augusta, Ga. He sold a pint of whisky, in an original package, to one Andrew Trantham, who thereupon obtained a warrant before C. N. Simpson, a justice of the peace, charging him with violating chapter 449 of the Acts of the State of North Carolina of 1897, "An act to regulate the sale of liquor in Union county." At the hearing the petitioner denied the constitutionality of the act, as an interference with interstate commerce, and so unconstitutional and void. At the return of the rule it appeared that the petitioner had imported three or four of these original packages as the agent of his principal in Augusta, and that he had himself caused the prosecution to be instituted, and so went before the justice of the peace; none of the public officials charged with the enforcement of the act being concerned in it. When the justice ordered him to be bound over for trial at the superior court, he refused to give bail, and so was committed to the custody of the sheriff. It thus appears that he voluntarily went into the state court, and in the first instance, of his own accord, submitted his rights to the state tribunals. Without doubt, the courts of the United States are invested with authority to issue writs of habeas corpus and to inquire into the cause of imprisonment of any one who alleges that he is in custody in violation of the constitution or the laws of the United States. Rev. St. U. S. § 753. But, except in peculiar and urgent cases, the courts of the United States will not discharge a prisoner by habeas corpus in advance of a final determination of his case in the courts of the state; and, even after such final determination in those courts, will generally leave the petitioner to the usual and orderly course, by writ of error from the superior court. Whitten v. Tomlinson, 160 U. S., at page 242, 16 Sup. Ct. 301; Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734; Ex parte Fonda, 117 U. S. 516, 6 Sup. Ct. 848; Cook v. Hart, 146 U. S. 195, 13 Sup. Ct. 44. In this last-named case the supreme court says:

"While the power to issue writs of habeas corpus to state courts which are proceeding in disregard of rights secured by the constitution and laws of the

United States may exist, the practice of exercising such power, before the question has been raised or determined in the state court, is one which ought not to be encouraged."

There are no special circumstances in the case at bar which demand the interference of this court. The petitioner of his own motion, by his own friend, instituted the prosecution. He has no stock of goods imported into the state under the protection of the interstate commerce law. He only wishes to try the question in advance. He selected his own tribunal, and it decided against him. He can pursue his remedy in that tribunal, and, if his rights are denied, his remedy in the federal courts will remain unimpaired. Cook v. Hart, 146 U. S. 195, 13 Sup. Ct. 40. The rule is discharged.