## NESBIT v. HERT.

(District Court, D. Indiana. December 28, 1898.)

HABEAS CORPUS — DISCRETION OF FEDERAL COURTS — CONSTRUCTION OF STATE STATUTES.

A federal court will not, unless under exceptional circumstances, entertain a petition for a writ of habeas corpus by a person imprisoned for crime under a sentence of a state court, claimed to have been unauthorized by the state statutes, on the ground that such imprisonment is for that reason in violation of the constitution of the United States; the question involved being one peculiarly within the province of the state courts to determine, and their final decision, if adverse to the petitioner, being reviewable by the supreme court of the United States in the orderly course of procedure as to any constitutional question properly raised.

Motion for Leave to File a Petition for a Writ of Habeas Corpus.

Frank B. Posey, for petitioner.

BAKER, District Judge. On December 23, 1898, Calvin Nesbit asked leave to file in this court his petition, duly verified, praying that a writ of habeas corpus be issued to Albert T. Hert, as warden of the Indiana Reformatory, requiring said warden to show cause, if any he had, why the petitioner should not be discharged from imprisonment in said reformatory. The petition alleges that the petitioner is a citizen of the United States and of the state of Indiana, and that he is illegally restrained of his liberty in said reformatory by said Hert, as warden thereof, and that his restraint is without due process of law, and in contravention of the constitution of the United States; that the pretense of his restraint is a warrant of commitment issued from the circuit court of Posey county, Ind., upon a judgment rendered by said court on September 3, 1897, adjudging that the petitioner be confined in said reformatory for the period of four years for the alleged crime of seduction, a copy of which judgment is filed with, and made a part of, the petition; that said restraint is illegal, in this: that said court had no jurisdiction or authority of law to pronounce or render such judgment or to issue such warrant of commitment; that the punishment provided by law, and the only judgment which said court had power to render, was that the petitioner be confined in said reformatory not less than one nor more than five years.

The statute of this state makes the crime of seduction a felony, and fixes the punishment upon conviction at a fine not exceeding $500 and imprisonment in the state prison for a term of not less than one nor more than five years. As the law stood prior to April 1, 1897, the punishment to be inflicted must be definitely fixed within the prescribed limits by the verdict of the jury and the judgment of the court. The eighth section of the reformatory act, approved February 26, 1897 (Acts 1897, p. 69), provides as follows:

"In all cases of felony tried hereafter before any court or jury in this state, if the court or jury find the person on trial guilty of a felony, it shall be the duty of such court or jury to further find and state whether or not the defendant is over sixteen years of age and less than thirty years of age. If such defendant be found to be between said ages, and he be not guilty of treason

or murder in the first or second degree, it shall only be stated in the finding of the court or verdict of the jury, that the defendant is guilty of the crime charged, naming it, and that his age is that found by it or them to be his true age, and the court trying such person shall sentence him to the custody of the board of managers of the Indiana Reformatory to be confined at the Indiana Reformatory or at such place as may be designated by such board of managers where he can be most safely and properly cared for, as guilty of the crime found in such finding or verdict, and that he be confined therein for a term not less than the minimum time prescribed by the statutes of this state, as a punishment for such offense, and not more than the maximum time prescribed by such statutes therefor, subject to the rules and regulations established by such board of managers, and it shall be the duty of the board of managers of said reformatory to receive all such convicted persons, and all existing laws requiring the courts of this state to sentence such persons to the penitentiaries or prisons of this state, are hereby modified and changed so as to make it the duty of such courts to sentence such prisoners to the Indiana Reformatory. The board of managers may terminate such imprisonment when the rules and requirements of such reformatory have been lived up to and fulfilled, according to the provisions of this act."

The petitioner alleges that the court possessed no lawful authority to sentence him to imprisonment in the Indiana Reformatory for the definite term of four years, and that the only power which it possessed was to sentence him to imprisonment therein for a term of not less than one nor more than five years, and that the sentence of four years so pronounced is wholly unauthorized and void. He claims that, having already been imprisoned for more than one year, he is now entitled to be set at liberty.

The question thus presented is one primarily involving the construction of the constitution and statutes of this state. It is one which concerns the due administration of the criminal laws of the state; and whether such sentence is unauthorized and void, or is simply erroneous, is a question peculiarly within the jurisdiction of the courts of the state, and is one with which this court ought not to concern itself, unless it is clearly apparent that it is necessary to do so to maintain the supremacy of the constitution, laws, or treaties of the United States against the adverse judgment of the state courts.

In Taylor v. Carryl, 20 How. 583, 595, it was said to be a part of the recognized duty of the courts of the United States "to give preference to such principles and methods of procedure as shall serve to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system co-extensive with the United States, and submitting to the paramount authority of the same constitution, laws, and federal obligations."

In Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. 358, it was declared "that the forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and law, and, therefore, of necessity." In order that these salutary principles may have full operation in harmony with what was supposed to be the true intention of congress

in the enactment of the statute regulating the writ of habeas corpus, it is said in Ex parte Royall, 117 U. S. 241, 252, 6 Sup. Ct. 741, that:

"This court holds that when a person is in custody under process from a state court of original jurisdiction for an alleged offense against the laws of such state, and it is claimed that he is restrained of his liberty in violation of the constitution of the United States, the circuit court has a discretion whether it will discharge him upon habeas corpus, in advance of his trial in the court in which he is indicted; that discretion, however, to be subordinated to any special circumstances requiring immediate action. When the state court shall have finally acted upon the case, the circuit court still has a discretion whether, under all the circumstances then existing, the accused, if convicted, shall be put to his writ of error from the highest court of the state, or whether it will proceed by writ of habeas corpus summarily to determine whether the petitioner is restrained of his liberty in violation of the constitution of the United States."

Ex parte Fonda, 117 U. S. 516, 6 Sup. Ct. 848, was a motion for leave to file a petition for a writ of habeas corpus. The petitioner alleged that he had been convicted and sentenced to imprisonment, which he was then undergoing, for the crime of embezzling the funds of a national bank. His petition set forth various reasons why his imprisonment was in violation of the constitution and laws of the United States; but it showed no reason why the supreme court of the state might not review the judgment, or why it should not be permitted to do so without interference by the courts of the United States. The motion for leave to file the petition was denied. The court held that, under the principles settled in Royall's Case, the petition did not disclose a case requiring the courts of the United States to act in advance of the orderly course of procedure in the courts of the state.

Whether the sentence pronounced against Nesbit is authorized by the statutes of this state, or whether it is unauthorized and void because the state court which pronounced it was without lawful power to do so, is a question with which the courts of the state are competent to deal in the first instance; and their obligation to render such decision as will give full effect to the supreme law of the land, and protect any right secured by it to the petitioner, is the same as that which rests upon the courts of the United States. When the claim of the petitioner to be discharged from restraint has been passed upon by the highest court of this state in which it can be determined, he may then, if the final judgment of that court is adverse to his claim, invoke the jurisdiction of the supreme court of the United States for his protection in respect of any right secured to him by the constitution of the United States, distinctly asserted by him and which may be denied by such judgment. No reason is shown by the petitioner why he should invoke the aid of this court in advance of the orderly course of procedure in the courts of the state. This court ought not to interfere with the administration of the criminal laws of the state, nor seek to withdraw from the courts of the state the enforcement of their sentences pronounced in criminal cases, unless it is clearly made to appear that the petitioner has been denied, by the judgment of the highest court of the state, some right, privilege, or immunity secured to him by the constitution or laws of the United States. If the petitioner has neglected to appeal

to the supreme court of the state for relief from the alleged wrongful sentence, until he has lost the right to take such appeal, he is in no situation to invoke the aid of this court to relieve him from the consequences of his negligence. Besides, if the sentence pronounced against him is unauthorized by the statutes of the state, and for that reason is in contravention of the constitution of the United States, he can, by petition for the writ of habeas corpus, addressed to the proper state court of original jurisdiction, procure a decision of that question; and, if the decision of such court is adverse to him, he can have it reviewed by the supreme court of the state, and, if the decision of that court be adverse, he can procure its review by the supreme court of the United States touching any right secured to him by the constitution of the United States which he has distinctly asserted, and which has been denied to him by the courts of the state. As no special circumstances are shown requiring earlier interference, this court perceives no reason why it should interfere until the petitioner has been denied, by the judgment of the highest court of the state, some right, privilege, or immunity secured to him by the constitution or laws of the United States. New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30. Leave to file the petition is denied.