### GEBHART v. AMRINE, Warden.
### No. 2224.

Circuit Court of Appeals, Tenth Circuit.

Feb. 25, 1941.

Kenneth K. Cox, of Wichita, Kan., for appellant.

No brief or appearance for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, M. E. Gebhart, has appealed from the decision of the District Court of the United States for the District of Kansas dismissing his application for a writ of habeas corpus. He is incarcerated in the State Penitentiary of Kansas at Lansing, Kansas, under commitment from the District Court of Shawnee County, Kansas, and complains that he is there detained in violation of his constitutional rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The record shows that petitioner filed his application in the United States District Court on June 1, 1940, issues were joined, and on June 26, 1940, the court entered its judgment sustaining a motion to dismiss petitioner's application. On August 6, 1940, the District Court allowed an appeal in forma pauperis.

§ 466, 28 U.S.C.A., provides as follows: "Appeal to circuit court of appeals; certificate of probable cause. From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered or a judge of the circuit court of appeals shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or judge shall certify that there is probable cause for such allowance."

Here there was no finding that probable cause exists for an appeal. In the absence of such a finding, we have no jurisdiction. Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649; Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650; United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262.

Furthermore, while a Federal District Court has jurisdiction to inquire by writ of habeas corpus whether petitioner is denied his constitutional rights by incarceration under commitment from a state court, the law is well settled that in the absence of extraordinary circumstances a federal court will not assume jurisdiction, the proper way for petitioner to proceed being by application to the state courts, and, if denied his claimed rights there, then by appeal direct to the Supreme Court. Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; Ex parte Fonda, 117 U.S. 516, 6 S.Ct. 848, 29 L.Ed. 994; Wood v. Brush, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505; Groseclose v. Plummer, 9 Cir., 106 F.2d 311; United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Achtien v. Dowd, Warden, 7 Cir., 117 F.2d 989, decided Feb. 19, 1941.

The appeal is dismissed.