(No. 28286.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT JOHNSON, Plaintiff in Error.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

ROBERT JOHNSON, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error was convicted of burglary in the criminal court of Cook county on February 9, 1937. At the hearing, he waived trial by jury and the court found that he had before been convicted of grand larceny. The court, therefore, sentenced the plaintiff in error to life imprisonment because he was an habitual criminal.

He has sued out a writ of error in this court asking that the case be reversed and remanded upon the sole ground that "the indictment and judgment upon which the trial court found the defendant guilty of being heretofore convicted of Grand Larceny, was not an authentic copy of the previous conviction."

Plaintiff in error has filed what purports to be a common-law record and an abstract thereof. No bill of exceptions appears in the record.

356

The plaintiff in error argues that no sufficient proof was made, at the trial, of his former conviction. However, without a bill of exceptions, there is no opportunity of determining what the evidence offered against him truly disclosed.

He further argues that the allegations in the indictment, No. 58071, of the criminal court of Cook county, pertaining to his previous conviction, are false and incorrect, but no copy of said indictment No. 58071 is contained in the record. No consideration can be given to the mere statment of plaintiff in error as to what the prior indictment contained. Everything necessary to decide the questions raised on appeal must appear in the abstract. *Department of Finance* v. *Bode,* 376 Ill. 374; *People* v. *Mattei,* 381 Ill. 21.

In the present state of the record, the plaintiff in error is not in position to raise the question relied upon and argued in his brief.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*