## UNITED STATES ex rel. JOHNSON v. RAGEN, Warden.

### No. 9675.

United States Court of Appeals
Seventh Circuit

Dec. 31, 1948.

Writ of Certiorari Denied March 7, 1949.

See 69 S.Ct. 649.

---

[1] Stringfellow v. Atlantic Coast Line, 5 Cir., 64 F.2d 173, Id., 290 U.S. 322, 54 S.Ct. 175, 78 L.Ed. 339; Id., 5 Cir., 67 F.2d 1012.

Robert Johnson, No. 11502, Illinois State Penitentiary, of Joliet, Ill., in pro. per.

George F. Barrett, Atty. Gen., and William C. Wines, Asst. Atty. Gen. (Raymond S. Sarnow, and James C. Murray, Asst. Attys. Gen., of counsel), for appellee.

Before MAJOR, Chief Judge, MINTON, Circuit Judge, and SWYGERT, District Judge.

MAJOR, Chief Judge.

This is an appeal from an order dismissing appellant's petition for a writ of habeas corpus. Appellant (petitioner), on January 8, 1937, was indicted by the grand jury of the Criminal Court of Cook County, charged with the crime of burglary and larceny. The indictment, also, under the Illinois Habitual Criminal Act, Ill.Rev. Stats. 1947, ch. 38, par. 602 et seq., charged petitioner with having been previously convicted of the crime of grand larceny. As the result of a trial, petitioner was, on February 9, 1937, convicted by the Criminal Court of Cook County and sentenced to a term of life imprisonment. He would now, so he alleges, be eligible for parole under a sentence which the court could have imposed under the main charge, and it is only because he was found guilty on an indictment which charged him with a former conviction that he is now being detained.

Petitioner was represented at his trial by the Public Defender and no complaint is here made but that he had proper representation. Petitioner, about seven years after his conviction, procured a copy of the indictment on which he was convicted and discovered for the first time, so he alleges, that the allegations concerning a former conviction did not properly describe the crime for which petitioner admits he had previously been convicted. It appears that there were two Robert Johnsons, both of whom had formerly been convicted of grand larceny and, as we understand petitioner's contention, the former conviction charged against him related to the grand larceny for which the other Robert Johnson had been convicted.

Petitioner's sole contention is that the indictment which charged him with the former offense was void, that as a result the judgment by which he is now detained was also void and that he has, therefore, been deprived of due process of law, in violation both of the Federal and State constitutions. We need not consider the cases which petitioner cites in support of the proposition that a judgment is void, predicated upon an indictment which does not state an offense, for the reason that they have no application.

Petitioner concedes that a copy of the indictment was handed to him and that he passed it on to his counsel, but that neither of them discovered that the former conviction charged described the offense for which the other Robert Johnson was convicted instead of the former offense for which the petitioner had been convicted. It is difficult to conceive a situation such as is alleged by the petitioner inasmuch as the burden was upon the State to prove the former conviction al-

leged and to identify the defendant (petitioner) as the one so convicted. Considering the situation, however, as alleged, it is at once apparent that such a mistake was one of procedure, that is, a failure on the part of the State to prove the former conviction alleged and to properly identify the petitioner as the person thus convicted. But such failure of proof had no effect upon the validity of the indictment. Its allegations sufficiently and adequately charged the defendant with a former conviction. The court thus had jurisdiction of petitioner and the subject matter, and its judgment is not void. Petitioner argues in effect that the indictment did not meet the proof but his problem rises from the fact that the proof did not sustain the charge.

Petitioner sought a writ of error to the Illinois Supreme Court, seeking a reversal of the judgment. People v. Johnson, 389 Ill. 355, 59 N.E.2d 816. The judgment was affirmed in an opinion filed January 17, 1945. It is evident from the court's opinion that petitioner attempted to raise the same question there as he now seeks to raise by habeas corpus. No bill of exceptions was contained in his record, and the court 389 Ill. at page 356, 59 N.E. 2d at page 816, stated:

"The plaintiff in error argues that no sufficient proof was made, at the trial, of his former conviction. However, without a bill of exceptions, there is no opportunity of determining what the evidence offered against him truly disclosed."

It appears, therefore, that he could have obtained a decision of the Supreme Court upon the question now raised had he submitted a proper record. What he now seeks is to substitute the instant proceeding for the remedy which he had in the Illinois court. It has been held that this is not permissible even though the remedy of writ of error be no longer available. Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982. In the latter case, the court stated:

"If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court."

It has also been held that a writ of habeas corpus in Federal courts is limited to an inquiry into such jurisdictional defects as deprive the court of legal authority to sentence a defendant, Eagles v. Samuels, 329 U.S. 304, 311, 67 S.Ct. 313, 91 L. Ed. 308, and that in the absence of a jurisdictional defect the writ should not issue even though the decision under which a party is detained may have been erroneous. United States ex rel. Tisi v. Tod, 264 U.S. 131, 133, 44 S.Ct. 260, 68 L.Ed. 590.

The question which the petitioner raises does not, in our view, affect the jurisdiction of the court to render the judgment under attack. It follows that no Federal question is presented.

The order of dismissal is affirmed.