**UNITED STATES ex rel. HAMBY v. RAGEN.**

No. 9955.

United States Court of Appeals
Seventh Circuit.

Dec. 20, 1949.

Writ of Certiorari Denied Feb. 20, 1950.

See 70 S.Ct. 515.

Harold L. Eisenstein, Chicago, Ill., for appellant.

Ivan A. Elliott, Atty. Gen. (William C. Wines, Raymond S. Sarnow, and James C. Murray, Asst. Attys. Gen., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is from an order of the District Court of the United States for the

Northern District of Illinois, Eastern Division, discharging a writ of habeas corpus and remanding the petitioner to the custody of the warden of the Illinois State Penitentiary. The trial court issued a certificate of probable cause.

The petition questioned the validity of the conviction and judgment of the Criminal Court of Cook County, Illinois, which adjudged the petitioner guilty of armed robbery and of being an "habitual criminal" under the Illinois Habitual Criminal Act, Chap. 38, § 602 et seq., Ill.Rev.Stats., State Bar Ed. 1949.

The petitioner attacked the validity of this conviction and sentence on the contention that a former conviction of grand larceny, on which the habitual criminal charge depended, was invalid because it was on an indictment which charged only petit larceny.

The petitioner was indicted by the grand jury of the Criminal Court of Cook County in 1926 for (1), robbery and (2), larceny of property of the value of less than $15. To these charges he entered a plea of not guilty. Later the robbery count was dismissed, the petitioner then pleaded guilty to grand larceny and upon such plea the court found him guilty of grand larceny, value of the property $100, and sentenced him for a term of one to ten years, which sentence the petitioner served.

In 1942 the petitioner was again indicted by the grand jury of the Criminal Court of Cook County. This indictment was for armed robbery and also charged the former conviction of grand larceny pursuant to the Habitual Criminal Act. To this second indictment the petitioner pleaded not guilty. He was tried and found guilty by the jury of the crime of robbery with a pistol and the jury also found that in 1926 petitioner had been convicted of grand larceny, value of property $100. Judgment was entered on the verdict and the petitioner was sentenced to the Illinois State Penitentiary for life. In this second trial petitioner, who was represented by counsel, raised no question as to the validity of the prior conviction.

On December 26, 1946, petitioner's motion to vacate the second judgment of conviction was overruled, the Illinois Supreme Court affirmed the judgment of the lower court and certiorari was denied by the Supreme Court of the United States, 331 U.S. 853, 67 S.Ct. 1738. Thereafter, petitioner filed petitions for writs of habeas corpus, first, in the Circuit Court of Will County, Illinois, next, in the Criminal Court of Cook County, Illinois, and finally in the Illinois Supreme Court. Each of these petitions was denied and on each the Supreme Court of the United States denied certiorari. 332 U.S. 780, 68 S.Ct. 45, 92 L.Ed. 364; 332 U.S. 848, 68 S.Ct. 345, 92 L.Ed. 418; 332 U.S. 855, 68 S.Ct. 383, 92 L.Ed. 424. In each of these petitions for habeas corpus the petitioner attempted to present the matters which we are now considering.

The last attempt of petitioner to secure relief in the State Courts was by a petition to vacate the judgment "in the nature of a petition for the issuance of a writ of error coram nobis", but it was held that that remedy was barred by the statute of limitations.

In his petition for a writ of habeas corpus in the United States District Court, the petitioner accuses an assistant state's attorney of bad faith and false pretenses in causing the grand jury to include in the 1942 indictment the habitual criminal count based on the 1926 conviction of grand larceny. Respondent in his verified return denied these charges of bad faith and false pretenses and in the hearing on the petition petitioner made no attempt to prove such charges. Since the burden was on the petitioner to prove the allegations of his petition and since there was no evidence of bad faith in connection with the 1942 indictment, we must assume that there was no such bad faith. We have left for consideration only the effect on the 1942 judgment of the 1926 conviction of grand larceny, on petitioner's plea of guilty to grand larceny, on an indictment which charged only petit larceny.

The petitioner insists that his 1942 conviction, as an "habitual criminal", was void because the prior conviction had been for a greater crime than that charged by the indictment in that case; and that,

therefore, the trial court in the second case did not have jurisdiction to enter a judgment adjudging petitioner to be an "habitual criminal". With this contention we cannot agree.

In the 1942 case the former conviction was charged in the indictment as having been a conviction for grand larceny on an indictment for grand larceny of goods of the value of $100. This charge of a former conviction was adequate to meet the requirements of the Habitual Criminal Act. To this indictment the petitioner entered a plea of not guilty. These pleadings presented a question of fact as to whether the petitioner had been convicted in 1926 of grand larceny.

The Habitual Criminal Act, Chap. 38, § 603, Ill.Rev.Stats., State Bar Ed. 1949, provides that a duly authenticated copy of the record of the former conviction and judgment "shall be prima facie evidence of such former conviction, and may be used in evidence against such party." In his 1942 trial the petitioner could have, and should have, rebutted this prima facie evidence by showing that his prior conviction was actually based on an indictment which charged him only with petit larceny. His failure to do so and his conviction as an "habitual criminal" by reason of such failure did not constitute denial of due process under the Fourteenth Amendment to the Federal Constitution. In Johnson v. Ragen, 7 Cir., 171 F.2d 630, certiorari denied 336 U.S. 927, 70 S.Ct. 50, this court affirmed an order denying a petition for a writ of habeas corpus in a case where an "habitual criminal" conviction was based on an indictment which charged a prior conviction of a crime committed by another person of the same name. We there said 171 F.2d at page 632: "Considering the situation, however, as alleged, it is at once apparent that such a mistake was one of procedure, that is, a failure on the part of the State to prove the former conviction alleged and to properly identify the petitioner as the person thus convicted. But such failure of proof had no effect upon the validity of the indictment. Its allegations sufficiently and adequately charged the defendant with a former conviction. The court thus had jurisdiction of petitioner and the subject matter, and its judgment is not void. * * *"

We there held that the petitioner was not entitled to a writ of habeas corpus even though the remedy of writ of error was no longer available to him; that the error in the proceedings did not affect the jurisdiction of the court; and that no Federal question was presented.

In the instant case the petitioner is seeking to try in this habeas corpus proceeding a question of fact which was tried and found against him in the Illinois court.

In Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, Gayes challenged the validity of a sentence entered in 1941 because the length of that sentence was partly based upon a 1938 conviction which he insisted was invalid because of a denial of due process of law in that he was not given the benefit of counsel. He was seeking release from imprisonment under the 1941 sentence on that contention. There, however, the court said, 332 U.S. at pages 148–149, 67 S.Ct. 1711, 1713: "But upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by a flank attack, challenge the sentence of 1938." The Supreme Court of the United States there treated the question of the prior conviction as a question of fact which should have been contested in the second case.

In the instant case petitioner claims that he was not aware of the invalidity of the prior conviction until it was too late for him to take advantage of such invalidity in the State courts. Very few laymen would understand the significance of the matter here in question, even if aware of the facts. In each case, however, petitioner was represented by counsel and there was no showing of incompetence of

counsel. A failure of competent counsel in a criminal case to present certain evidence or to make a certain contention, whether such failure be an error of judgment or negligence, does not constitute denial of due process of law, even though such failure on the part of counsel results in a conviction which might have been avoided.

■ If we assume that the trial court in the 1942 case committed error in applying the Habitual Criminal Act to this petitioner on such a prior conviction, the commission of such an error of law did not violate petitioner's constitutional rights. As we said in Weber v. Ragen, 7 Cir., 176 F.2d 579, at page 584, "The United States district court does not sit in habeas corpus proceedings to review errors of law in the state courts. It sits only to determine whether or not the proceedings in the state court amount to a violation of federal constitutional rights."

In the 1942 case the sentence was imposed by a trial court which had jurisdiction of the person of the petitioner and jurisdiction of the subject matter of the action. The indictment sufficiently charged armed robbery and the former conviction. The jury returned a verdict finding the petitioner guilty of armed robbery and that prior to the commission of the robbery he had been convicted of grand larceny all as charged in the indictment. The judgment on that record was not void and furnishes no basis for habeas corpus.

■ The petitioner recognizes the fact that the Federal Courts have uniformly held that one seeking, in a Federal Court, relief by habeas corpus from a sentence imposed by a State court must first show that he has exhausted all available State remedies. The new Federal Judicial Code, 28 U.S.C.A. § 2254, expressly provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the States, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The petitioner insists that he has exhausted all available State remedies. However, since the discharge of this writ in the District Court, the State of Illinois has provided another remedy which would seem to make available procedure in the State court by which petitioner could present the question which he has here presented. As this court said in U. S. ex rel. Peters v. Ragen, 7 Cir., 1949, 178 F.2d 377: "This statute, approved August 4, 1949, Illinois Session Laws, 1949, p. 722, Ill.Rev.Stat.1949, c. 38, § 826 et seq., appears to provide adequate means for post conviction review in cases where constitutional rights are alleged to have been violated."

In that case we held that if a new remedy is created at any time, such remedy must first be resorted to before it can be said that the State court remedies have been exhausted.

Petitioner was represented by counsel appointed by this court. We appreciate his conscientious efforts and able presentation of the case.

The order of the United States District Court is affirmed.