ANNA L. KRONENBERG, Respondent, v. EDWARD H. KRONENBERG, Appellant. — In an action for separation, judgment in favor of plaintiff, decreeing separation on the ground of defendant's abandonment of plaintiff, fixing the amount of alimony and counsel fee to be paid by defendant and directing payment thereof, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH KLOZKO, Appellant.— Defendant appeals from a judgment of the County Court of Nassau County convicting him of the crimes of robbery in the first degree, grand larceny in the first degree, and assault in the second degree. Judgment unanimously affirmed. Carswell, Adel, Wenzel and MacCrate, JJ., concur; Nolan, P. J., concurs with the following memorandum: The defendant contends that it was error to permit one of the People's witnesses, who identified defendant at the trial, to testify that on a prior occasion he had identified defendant from a group of photographs shown him. The argument has merit (cf. *People* v. *Jung Hing*, 212 N. Y. 393, and *People* v. *Hagedorny*, 272 App. Div. 830), but the question was not saved for review by a proper objection or exception. When the witness was first asked as to such identification, defendant's attorney objected only to the form of the question. That objection was sustained. Later, when another question as to such identification was asked and after it had been answered, counsel again objected and moved to strike out the answer "in view of the way the first question was asked". Counsel did not contend or even suggest that the evidence sought to be adduced was inadmissible for any other reason. (Cf. *Mursky* v. *Brody*, 13 N. J. Mis. Rep. 725; *Jenness* v. *Simpson*, 84 Vt. 127, and *Leer* v. *Continental Ins. Co. of N. Y.*, 250 S. W. 631 [Mo.].) In any event, it is not probable that the admission of this evidence affected the result, since it added little, if any, weight to evidence concerning the same photographs adduced by defendant's attorney on cross-examination, prior to the admission of the evidence objected to. A new trial is not required in the interests of justice. (Code Crim. Pro., § 527.)