The People of the State of New York, Respondent, v. John Kozicky, Appellant. — Defendant appeals from a judgment of the County Court of Nassau County, convicting him of the crimes of robbery in the first degree, grand larceny in the first degree, and assault in the second degree. Judgment affirmed. Carswell, Adel, Wenzel and MacCrate, JJ., concur, with the following memorandum: Defendant's guilt is palpable and was convincingly established. If the denial of defendant's counsel's abstract request was error, it was technical and did not affect the substantial rights of the defendant. (Code Crim. Pro., § 542.) Nolan, P. J., dissents and votes to reverse and to order a new trial, with the following memorandum: The case of *Malinski* v. *New York* (324 U. S. 401) does not necessitate a holding that a confession obtained while a defendant is illegally held in custody without being arraigned as required by the provisions of section 165 of the Code of Criminal Procedure, is inadmissible in evidence as a matter of law; nor does the cited case evince an intention to overrule the settled law in this State that the question of whether or not a confession is voluntary is for the jury, where there is a conflict in the evidence on that issue, and that delay in arraignment is merely a circumstance to be

weighed with others in determining that question. (*People* v. *Trybus,* 219 N. Y. 18; *People* v. *Doran,* 246 N. Y. 409; *People* v. *Mummiani,* 258 N. Y. 394; *People* v. *Alex,* 265 N. Y. 192; *People* v. *Elmore,* 277 N. Y. 397.) However, a new trial should be directed because of the trial court's refusal to charge, as requested by defendant, that " Under Section 1844 of the Penal Law, ' A public officer or other person having arrested any person upon a criminal charge, who willfully and wrongfully delays to take such person before a magistrate having jurisdiction to take his examination, is guilty of a misdemeanor.' " (Cf. *People* v. *Mummiani, supra; People* v. *Cohen,* 243 App. Div. 245, and *People* v. *Kelly,* 264 App. Div. 14.) The jury's verdict may have been based to a great extent on the confession received in evidence. Defendant testified that the confession was obtained by brutality and threats while he was improperly detained at the State police barracks at Hawthorne. The police officers who were called as witnesses testified that no force or threats were employed. There is no certainty that the jurors, in arriving at their verdict, would have given the same weight to the testimony of the State police officers had they been instructed as requested; and the error, therefore, may not be disregarded as harmless. (Cf. *People* v. *Mleczko,* 298 N. Y. 153, and *People* v. *Kozicky,* 275 App. Div. 863.)