UNITED STATES of America ex rel. John KOZICKY and John Joseph Klozko, Relators-Appellants,

v.

Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.

No. 391, Docket 24537.

United States Court of Appeals Second Circuit.

Argued June 5, 1957.

Decided Sept. 20, 1957.

John V. Lindsay, for relators-appellants by appointment.

Louis J. Lefkowitz, Atty. Gen. of State of New York (John R. Davison, Sol. Gen., Albany, N. Y., Michael Freyberg, Asst. Atty. Gen., Lawrence H. Rogovin, Deputy Asst. Atty. Gen., of counsel), for respondent-appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

This is an appeal from an order of the District Court denying a petition for a writ of habeas corpus sought by the petitioners on the ground that the judgments of conviction under which they were imprisoned had been obtained by the use of coerced confessions and other unconstitutional methods. The district court denied the petition because of the failure of the petitioners to exhaust their state remedies as required by 28 U.S.C.A. § 2254,[1] but authorized them to

1. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

proceed with an appeal *in forma pauperis* [2] and granted them a certificate of probable cause.[3]

The facts relevant to this appeal are not in dispute. In 1949 the petitioners were convicted by a jury in the County Court of Nassau County, New York, of robbery in the first degree, grand larceny in the first degree, and assault in the second degree. They appealed to the Appellate Division and obtained a reversal of their convictions. 275 App.Div. 863, 89 N.Y.S.2d 286. A second trial again resulted in judgments of conviction and on appeal to the Appellate Division the judgments were affirmed. 278 App.Div. 773, 103 N.Y.S.2d 753, 104 N.Y.S.2d 72.[4] No further appeals were made by the petitioners, but in January 1956, they filed motions for reargument of their appeals in the Appellate Division. These motions were denied, 1 A.D.2d 826, 149 N.Y.S.2d 231, and leave to appeal from the denial of the motions was denied by the Court of Appeals of New York for want of jurisdiction. Petitioners then applied to the United States Supreme Court for a writ of certiorari, which petition was denied. 352 U.S. 896, 77 S.Ct. 134, 1 L.Ed.2d 288. Thus the merits of the case were never presented either to the Court of Appeals or the United States Supreme Court.

The petitioners allege that subsequent to the affirmance of their convictions by the Appellate Division, their attorney prepared applications for leave to appeal to the Court of Appeals, but that because of their inability to pay the attorney the fees which he had requested, the applications were never filed. They contend, therefore, that their failure to prosecute the appeal was occasioned solely by their poverty and that in view of this we should hold either that they have exhausted the state remedies available to them or that they should be deemed to have done so.

A federal court may not grant a writ of habeas corpus to a state prisoner, save in exceptional circumstances, unless the prisoner has availed himself of one of the corrective processes available in the courts of the state. 28 U.S.C.A. § 2254; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. This usually entails asserting the merits of the alleged deprivation of federally guaranteed rights at each step in the state courts and an attempt to obtain relief from the United States Supreme Court. Here, the petitioners, by reason of their own inaction for almost seven years, failed to raise these questions in the manner required under New York procedure. Their abortive attempt at reopening the appeal from their convictions was procedurally lacking. Thus, since the petitioners did not appeal to the Court of Appeals from the affirmance of their convictions by the Appellate Division, they have failed to exhaust their state remedies, and their petitions were properly denied. United States ex rel. Johnson v. Ragen, 7 Cir., 1949, 171 F.2d 630, certiorari denied 336 U.S. 927, 69 S.Ct. 649, 93 L.Ed. 1088; United States ex rel. Hanson v. Ragen, 7 Cir., 1948, 166 F.2d 608; Barton v. Smith, 9 Cir., 1947, 162 F.2d 330. Cf. Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Ex parte Fonda, 1886, 117 U.S. 516, 6 S.

that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by *any available procedure, the question presented."*

2. 28 U.S.C.A. § 1915(a).

3. 28 U.S.C.A. § 2253.

4. The reports of these appeals indicate that the alleged deprivations of constitutional rights relied upon by the petitioners to justify their present petitions were before the state courts at both trials.

Ct. 848, 29 L.Ed. 994. Counsel for the petitioners, relying on United States ex rel. Embree v. Cummings, 2 Cir., 1956, 233 F.2d 188, seeks to avoid the consequences of the petitioners' failure to exhaust their state remedies by urging that their failure to appeal to the Court of Appeals was a result of their poverty, and that this circumstance rendered the state corrective process ineffective to protect the rights of the petitioners. In Embree we held that even though the petitioner had never presented his claim to the state courts, the U. S. District Court might properly issue a writ of habeas corpus on a showing that the petitioner was unable to pay the statutory filing fee then required in Connecticut in order to enter a petition in the state courts to obtain relief. Cf. Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Dolan v. Alvis, 6 Cir., 1951, 186 F.2d 586; Rhea v. Edwards, D.C.M.D.Tenn.1955, 136 F.Supp. 671; and our recent decision in United States ex rel. Marcial v. Fay, 2 Cir., 1957, 247 F.2d 662.

Embree and the cases just cited are readily distinguishable from the case at bar. The failure of the petitioner in each of those cases to obtain an adjudication of his claim by the highest court of the state was attributable to the failure of the state to provide any remedy which might have been availed of by a penniless petitioner. The financial requirements imposed by the state as a condition of obtaining redress for the alleged grievances were an effective bar to any attempt by the petitioners to obtain relief from the state courts. The petitioners had either to seek relief in the federal courts or to remain remediless; the doors of the state courts were not open to them.

The petitioners in the present case confronted no such obstacles. There were no financial barriers which prevented them from perfecting an appeal to the Court of Appeals. Permission might have been obtained to have the appeal heard on the original record and typewritten briefs, see e. g., People v. Godwin, 1956, 2 N.Y.2d 784, 158 N.Y.S.

2d 328, 139 N.E.2d 426. And on a proper showing the petitioners might have received the benefit of court-appointed counsel. Cf. Application of Sullivan, 1948, 297 N.Y. 190, 78 N.E.2d 467.

■ Counsel for the petitioners also urges that since the petitioners were without the benefit of counsel during the period within which they were required to file an appeal, their failure to avail themselves of the corrective process open to them in the state courts, including the right to prosecute an appeal without counsel *in forma pauperis*, cannot be used as a ground for denying them access to the federal courts. While a long line of decisions in the federal courts emphasizing the importance of counsel at all stages of criminal proceedings lends a certain credence to this argument, we believe that the argument rests upon an erroneous assumption. The issue is not, as the argument suggests, whether petitioners in good faith attempted to obtain relief from the state courts prior to seeking redress by way of habeas corpus from the federal courts. Rather, it is whether the state has provided a remedy which might have been availed of by the petitioners. If the state provided such a remedy, and the petitioners failed to take advantage of it, we hold they cannot obtain a writ of habeas corpus from a federal court. This result is a necessary consequence of the language of 28 U.S. C.A. § 2254. While the exception in that section upon which petitioners rely— "the existence of circumstances rendering such process [i. e., state corrective process] ineffective to protect the rights of the prisoner"—is not free from ambiguity, the other provisions of the section make it clear that the attention of the federal courts, when considering a petition for a writ of habeas corpus, is to be directed toward the adequacy of state procedures to redress infringements of constitutional rights and not toward a particular petitioner's attempts to satisfy the requirements of Section 2254. Thus, the section provides that a petition for habeas corpus "shall not be granted unless it appears that the appli-

cant has exhausted the remedies *available* in the courts of the State or that there is * * * an *absence of available* State corrective process * * *" (Emphasis added.) Moreover, the second paragraph of the section states that "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State * * * *if he has the right* under the law of the State to raise, *by any available procedure,* the question presented." (Emphasis added.) The emphasis is upon the *right* of a prisoner to present his claim and upon the *availability* of state corrective process. If a state fails to provide a process whereby a prisoner can obtain redress for constitutional defects in his conviction, or, although providing such a process, arbitrarily precludes a prisoner from availing himself of it, then federal habeas corpus is available. But, where the failure of a prisoner to obtain relief is due to his own inaction, 28 U.S.C.A. § 2254 prohibits intervention by the federal courts. Any other conclusion would be inconsistent with the salutary purposes underlying the statute. As we recently emphasized in United States ex rel. Marcial v. Fay, supra, " 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation' ". Darr v. Burford, 1950, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761. Moreover, our interpretation of the statute is supported by the decision of the First Circuit in Robbins v. Green, supra, in which the statutory exception to the exhaustion doctrine for "circumstances rendering such process ineffective" was interpreted to apply to a state procedure in which there was no provision for appeals *in forma pauperis*.

We assigned John V. Lindsay of the New York Bar to represent the petitioners on this appeal, and we are grateful to him for the very able and conscientious manner in which he has discharged his responsibility.

Affirmed.